Tilghman C. J.,.
delivered the Court’s opinion'.
The plaintiff in error contends, that although the judgment may have been properly entered, yet the execution was erroneous, because the agreement of the parties was, that the money should not be paid until the- end of ten years from the dáte of the bond. On the contrary, it is said by the defendant in error: first, that this point is not open to argument in this Court, being a matter out of the record ; and second, that supposing it to be open, the execution was properly issued, because the true construction of the bond is, that the money should be payable' whenever the partnership was dissolved. Whether this Court could enquire into the propriety of issuing the execution, if upon view of the bond and warrant of attorney, it had appeared to be improperly issued, it is unnecessary to decide. It must be more satisfactory to the parties to have their cause decided on its' merits, that is, on their own 'agreement, than on any other principle; and on a fair construction of the bond and warrant, the cause appears to us to be clearly with, the plaintiff. The money was payable, not at the end of ten years, but within the term of partnership, viz., ten .years, that is to say, within ten years from the date of the bond. If nothing more had been said, it would have been difficult to understand, at what time within the ten years, it was intended that the money should be paid* or whether it would not have been at the election .of the obligor, to pay at what time he pleased, within ten' years, or not "until the expiration of ten years. But taking into consideration the warrant of attorney, which is part of the same instrument, the matter is plain enough. The judgment is not to be entered, except on a dissolution of the partnership. Immediately on its dissolution, then, the judgment might be entered, and there is ho expression, or even intimation, that execution may not be issued immediately after entry of the judgment. So that upon the- whole of the instrument* the meaning is sufficiently clear, that the obligor was to pay the money as soon as the partnership was dissolved.^It is therefore the opinion of the Court, that the judgment of the Court of Common Pleas should be affirmed.
Judgment affirmed.